UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTY HUIZEN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,

_____/

Case No. 1:24-cv-717
Hon. Hala Y. Jarbou

**REPORT AND RECOMMENDATION**

    Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her claim for disability insurance benefits (DIB).

    Plaintiff filed an application for DIB on December 28, 2021, alleging a disability onset date of December 17, 2021. PageID.25. Plaintiff identified eight disabling conditions. PageID.243.[1] Plaintiff has a master's degree and had past relevant employment as an elementary school teacher. PageID.31-32, 42-43. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on August 10, 2023. PageID.25-32. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Plaintiff listed the following: history of spinal fusion (2012); cannot bend or twist; Type 2 diabetes; constant pain; neuropathy in hands and feet; high blood pressure; swelling in ankles; and, chronic migraines. PageID.243.

1

## I.     LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the [Commissioner] to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.    ALJ's DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of December 17, 2021, and meets the insured status requirements of the Social Security Act through December 31, 2026. PageID.27. At the second step, the ALJ found that plaintiff had severe impairments of: degenerative disc disease of the spine; diabetes mellitus with diabetic neuropathy; and, migraines. PageID.28. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id*.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: occasionally climb ramps and stairs; no climbing ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to extremes of cold, to vibration, to humidity, and to noise (nothing above "moderate" [level 3] per the Guide for Occupational Exploration (GOE) / Dictionary of Occupational Titles [DOT]); must avoid unprotected heights.

PageID.28. The ALJ also found that plaintiff is capable of performing her past relevant work as an Elementary School Teacher. PageID.31. This work does not require the performance of work-related activities precluded by her residual functional capacity (RFC). *Id*. Accordingly, the ALJ determined that plaintiff was not under a disability, as defined in the Social Security Act, from December 17, 2021 (the alleged onset date) through August 10, 2023 (the date of the decision). PageID.32.

### III.  DISCUSSION

Plaintiff raised two errors:

**A. Remand is required because the ALJ failed to explain both the supportability and consistency factors with regard to the medical opinion offered by plaintiff's primary care provider as required by 20 C.F.R. § 404.1520c.**

Plaintiff contends that the ALJ erred in evaluating the opinions of Michelle Way, PA-C, set forth in her "Treating Provider Statement / Medical Source Statement" (Exh. 8F, PageID.532-536).  The applicable regulations provide that the Social Security Administration (SSA) "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a).  In these claims, the SSA "will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in [the claimant's] record." 20 C.F.R. § 404.1520c(b).  In addressing medical opinions and prior administrative medical findings, the ALJ will consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and, (5) other factors.  *See* 20 C.F.R. § 404.1520c(c)(1)-(5).

The most important factors which the ALJ considers in evaluating medical opinions are "supportability" and "consistency".  20 C.F.R. § 404.1520c(b)(2). The regulations explain "supportability" as, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1).  The regulations explain "consistency" as, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive

the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). In addition, the regulations recognize that "[b]ecause many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record." 20 C.F.R. § 404.1520c(b)(1).

The ALJ addressed Ms. Way's opinion as follows:

> Michelle Way, PA-C, the claimant's primary care provider, opined in May 2023 that the claimant could only lift up to 10 pounds. In an eight-hour workday, the claimant could only sit up to one hour, stand and/or walk up to one hour, and had to lie down or take breaks four or more hours. The claimant could occasionally climb and balance, and frequently crawl. Finally, though not the last of limitations provided by Ms. Way, the claimant could never bend or squat and would miss two days of work each month because of her symptoms (Ex 8F).
>
> There are multiple reasons why the opinion of Ms. Way is not persuasive. Ms. Way is not a specialist in the types of impairments affecting the claimant as described within the medical evidence. More importantly, Ms. Way's opinions are not well supported by the medically acceptable clinical findings or imaging studies. I also note that many of Ms. Way's examinations of the claimant were benign and are therefore significantly at odds with the level of physical dysfunction purported within her opinion (Ex 1F/21, 30, 34, and 39-40; 3F/11; 6F/4 and 42). This significantly reduces the persuasiveness of her assessments. Furthermore, the limitations provided are based heavily on the subjective complaints and allegations of the claimant, and as previously discussed, those complaints are not supported by the totality of the evidence.
>
> As a final note, on the form comprising her opinion, Ms. Way completed the portion that contained an assessment of the claimant's psychological functioning. Interestingly, that same page of the exhibit also contains Ms. Way's indication that she did not treat the claimant for any mental health disorder (Ex 8F/5). This is noteworthy as the form comprising the opinion contained an instruction to Ms. Way to not complete the mental portion of the form if she did not treat the claimant for a mental health disorder. Regardless, no mental limitations are supported by the record, and I find the mental assessment of the claimant as offered by Ms. Way is entirely unpersuasive.

PageID.31.

The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1).  An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).  "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985).

Here, the ALJ failed to adequately address the supportability and consistency factors in evaluating Ms. Way's opinions.  Ms. Way, a physician assistant, has treated plaintiff since 2005 (PageID.532) and is an acceptable medical source under the regulations.  *See* 20 C.F.R. 404.1502(a)(8) ("Acceptable medical source means a medical source who is a: . . . (8) Licensed Physician Assistant for impairments within his or her licensed scope of practice (only with respect to claims filed (*see* § 404.614) on or after March 27, 2017).").  The ALJ appears to discount or reject all of Ms. Way's opinions because she did not have specialty (*i.e.*, "Ms. Way is not a specialist in the types of impairments affecting the claimant as described within the medical evidence.").  In evaluating an opinion, the Commissioner "generally give[s] more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist." *See* 20 C.F.R. § 404.1527(c)(5).  Here, the ALJ found that Ashok Sachdev, M.D., a non-examining state agency medical consultant (medical specialty code of "Neurology"), has a specialty with "direct application to the assessment of the claimant's spinal impairments as well as her migraines and neuropathy conditions" and found his opinions more persuasive than the opinions of another non-examining consultant, Stephanie Estrellas, M.D. (medical specialty code of "Family or General Practice"). PageID.30.

7

See Exhs. 2A and 3A (PageID.82-95). A discussed, the regulation allows the Commissioner to give more weight to the opinion of a specialist. However, this regulation does not state that the Commissioner can summarily discount or reject the opinions of an acceptable medical source (such as Ms. Way) on the basis that she was not a specialist.

Next, the ALJ provides no explanation for his conclusion that Ms. Way's opinions "are not well supported by the medically acceptable clinical findings or imaging studies." Finally, the ALJ does not address how Ms. Way's examinations of the claimant are "significantly at odds with the level of physical dysfunction purported within her opinion." While the ALJ cites eight pages from Exhibits 1F, 3F and 6F, he provides no substance or context for these records (which are part of about 200 pages of medical records). *See* Exhibits 1F through 5F (ECF No. 3-8, PageID.323-474); Exhibits 6F through 8F (ECF No. 3-9, PageID.475-536). For all of these reasons, the ALJ's decision should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate Ms. Way's opinions regarding plaintiff's physical limitations.

### B. Remand is required because the ALJ failed to properly perform the two-step symptom evaluation process with regard to plaintiff's reported symptoms.

Plaintiff refers to the evaluation process in SSR 16-3p[2], which sets out the two-step process for evaluating an individual's symptoms: (1) "We determine whether the individual has a medically determinable impairment (MDI) that could reasonably be expected to produce the individual's alleged symptoms;" and, (2) "We evaluate the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities." SSR 16-3p, 2017 WL 5180304 (Oct.

---

[2] *See* Plaintiff's Brief (ECF No. 7, PageID.556).

8

25, 2017). *See* 20 C.F.R. § 404.1529(c)(1) and (2). The Commissioner also considers other evidence including:

> (i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

In determining plaintiff's RFC, the ALJ set forth the two-step symptom evaluation process:

> In making this finding, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p. I also considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c.
>
> In considering the claimant's symptoms, I must follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical or laboratory diagnostic techniques--that could reasonably be expected to produce the claimant's pain or other symptoms.
>
> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, I must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work-related activities. For this purpose, whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, I must consider other evidence in the record to determine if the claimant's symptoms limit the ability to do work-related activities.

PageID.28-29.

Plaintiff contends that,

In this case, when evaluating Ms. Huizen's statements regarding the symptoms associated with her spinal impairments, the ALJ failed to consider all of the evidence in the case record and to provide the required narrative discussion, resulting in legal error at step four of the sequential evaluation process . . . In particular, the ALJ failed to consider relevant information from Ms. Huizen's medical providers regarding the intensity, persistence, and limiting effects of her symptoms[.]

Plaintiff's Brief at PageID.557-558.  In this regard, plaintiff contends that the ALJ failed to adequately consider her surgical history, diagnostic imaging reports, and information from her medical sources regarding the intensity, persistence, and limiting effects of her symptoms. *Id*. at PageID.558-560.

The record reflects that the ALJ's decision followed the two-step process.  The ALJ identified plaintiff's reported symptoms, which included her history of migraines, back problems (including her spinal fusion), and her reported functional limitations.  PageID.29.  The ALJ addressed plaintiff's medical history from her motor vehicle accident in December 2021 through her treatments and examinations in 2023.  PageID.29-30.  Based on this record, the Court concludes that the ALJ adequately considered plaintiff's medical history as required by the two-step process.  While plaintiff suggests that the ALJ "cherry picked" the evidence, the undersigned does not find that argument persuasive.  An argument that the ALJ mischaracterized or cherry-picked the record is frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence." *White v. Commissioner*, 572 F.3d 272, 284 (6th Cir. 2009). *See Daniels v. Commissioner of Social Security*, 152 Fed. Appx. 485, 489 (6th Cir. 2005) ("an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered").  For all of these reasons, plaintiff's claim that the ALJ failed to properly perform the two-step process should be denied.

10

## IV. RECOMMENDATION

Accordingly, I respectfully recommend that the Commissioner's decision be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate Ms. Way's opinions related to plaintiff's physical limitations.


Dated:  July 1, 2025                                         /s/ Ray Kent
                                                             RAY KENT
                                                             United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).