UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTY HUIZEN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 1:24-cv-717

Hon. Hala Y. Jarbou

## ORDER

Plaintiff Christy Huizen filed this action under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's decision denying her Disability Insurance Benefits ("DIB"). Before the Court is the magistrate judge's Report and Recommendation ("R&R") suggesting the Court reverse and remand the Commissioner's decision denying Plaintiff benefits (ECF No. 10). Also before the Court is Defendant's objection to the R&R (ECF No. 11). For the reasons discussed herein, the Court will sustain Defendant's objection and reject the R&R. The Commissioner's decision will be affirmed.

### I. LEGAL STANDARDS

#### A. R&R Review

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

**B. Social Security Decision Review**

Under 42 U.S.C. § 405(g), the Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). "If the Commissioner's decision is based on substantial evidence, [the court] must affirm, even if substantial evidence exists in the record supporting a different conclusion." *Id.*

As part of this review, the Court evaluates whether the administrative law judge ("ALJ") provided sufficient explanation for their decision in accordance with relevant regulations. *Shilo v. Comm'r of Soc. Sec.*, 600 F. App'x 956, 958-59 (6th Cir. 2015) (noting that "[a]gencies are bound to follow their own regulations, and we will not hesitate to remand a Commissioner's opinion that fails to articulate" the reasons for a decision when necessary).

## II. ANALYSIS

The R&R discusses the facts and procedural history in detail. Magistrate Judge Kent recommended reversal and remand for one dispositive reason: the ALJ's denial did not sufficiently explain why the testimony from Michelle Way (Plaintiff's medical provider) was unpersuasive and not considered to calculate Plaintiff's residual functional capacity ("RFC"). Defendant objected, arguing that the ALJ followed the requirements for evaluating medical opinions as outlined in 20 C.F.R. § 404.1520c(b)(1). This was the only objection to the R&R.

As both Magistrate Judge Kent and Defendant acknowledge, the ALJ is required to "explain how [they] considered the supportability and consistency" of a medical opinion compared to the record as a whole, but they "are not required to[] explain how [they] considered" the other factors outlined in 20 C.F.R. § 4041520c(c). The R&R faulted the ALJ for what was characterized

as conclusory statements about Ms. Way without explanation. However, while the ALJ's decision would have benefitted from some additional detail, it sufficiently discussed the supportability and consistency factors. Notably, the ALJ referenced—with detail—issues in the medical records attributable to Ms. Way. (ALJ Decision 5-6, ECF No. 3-2.) Only later in his decision did he articulate why Ms. Way's opinions were not persuasive, but he alluded to the previously discussed medical records. (*Id.* at 7.) Taken as a whole, the ALJ's decision provided sufficient explanation.

The ALJ discussed why Ms. Way's conclusions were not supported by the evidence in the record, explaining that even though a medical examination noted "decreased range of motion" in Plaintiff's spine, "only two weeks later, another physical examination was normal." (*Id.* at 5.) Continuing with a detailed discussion of discrepancies in the medical records, the ALJ noted a lack of acute findings regarding Plaintiff's spinal issues and treatment notes indicating Plaintiff engaged in physical activity inconsistent with her alleged limitations. (*Id.*) Similarly, when discussing Plaintiff's alleged headaches, the ALJ determined that medical records contradicted Plaintiff's verbal complaints to providers. (*Id.* at 6.) After listing these discrepancies, the ALJ concluded that Ms. Way's assessments were not supported by the record. The ALJ determined that Ms. Way based her evaluation "on the subjective complaints and allegations of the claimant, and as previously discussed, those complaints are not supported by the totality of the evidence," namely the results of Plaintiff's medical examinations. (*Id.* at 7.) The ALJ also cited specific medical reports in the record when he declared Ms. Way's conclusions benign, relying on a previous discussion of the medical records to supplement his reasoning. (*Id.* (discussing medical examinations undermining claims of debilitation)); *see also Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016) (explaining that the ALJ need not repeat an aforementioned

discussion of medical records when articulating inconsistent medical opinions).  This discussion satisfies the requirement to address supportability.

The ALJ also discussed why Ms. Way's conclusions were not consistent with medical records.  Beyond the aforementioned discrepancies between the medical record and Ms. Way's conclusions, the ALJ noted that Ms. Way's analysis of Plaintiff's psychological functioning was not consistent with the treatment notes; Ms. Way did not treat Plaintiff for any mental health disorders.  (ALJ Decision 7.)  And while the ALJ did not say so in as many words, he made clear that Ms. Way's opinions were inconsistent with the record and other medical professionals' analyses.

While not explicitly stated in the portion of the decision that discussed Ms. Way's opinions, the ALJ followed the requirements outlined in 20 C.F.R. § 404.1520c(b)(1).  Because the ALJ supported his decision with substantial evidence and sufficient explanations of his reasoning, the Court will sustain Defendant's objection and reject the R&R.

Accordingly,

**IT IS ORDERED** that Defendant's objection (ECF No. 11) is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the report and recommendation (ECF No. 10) is **ADOPTED IN PART AND REJECTED IN PART**.  The portion of the R&R discussing the ALJ's two-step symptom evaluation process will be adopted; the portion of the R&R discussing the ALJ's evaluation of Ms. Way's opinions will be rejected.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.

Dated: July 28, 2025                               /s/ Hala Y. Jarbou
                                                   HALA Y. JARBOU
                                                   CHIEF UNITED STATES DISTRICT JUDGE